# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 15-51214
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SALOMON BUSTOS,

Defendant-Appellant

—————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-460-1

—————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Salomon Bustos appeals his sentence for illegal reentry in violation of 8 U.S.C. § 1326. He contends that his sentence is substantively unreasonable because the district court overlooked or improperly discounted a number of 18 U.S.C. § 3553(a) factors.

Because Bustos did not object to the reasonableness of his sentence in the district court, our review is limited to plain error. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51214

*Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007). "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant," *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008), and a within-guidelines sentence is presumed to be reasonable, *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

At sentencing, the district court acknowledged Bustos's arguments concerning the § 3553(a) factors in his favor. Ultimately, however, the district court specifically applied the § 3553(a) factors in determining that Bustos's sentence at the bottom of the guidelines range was appropriate, particularly in light of his criminal history, which included criminal conduct committed while still under state court supervision. Bustos has not shown that the district court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Accordingly, he has failed to show plain error as to the substantive reasonableness of his guidelines sentence.

AFFIRMED.